IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| GREAT AMERICAN INSURANCE COMPANY OF NEW YORK<br>*Plaintiff,*<br><br>VS.<br><br>MIDLAND CHIN BAPTIST CHURCH, INC. D/B/A CHIN BAPTIST CHURCH<br>*Defendant*. | §§§§§§§§ | CIVIL ACTION NO. 7:20-cv-00025 |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Great American Insurance Company of New York, Plaintiff in the above-styled action, and files this its Original Complaint for Declaratory Judgment and would respectfully show this Honorable Court as follows:

**I.     INTRODUCTION**

1. Plaintiff, Great American Insurance Company of New York (hereinafter "Great American" or "Plaintiff"), is a foreign insurance company organized and existing under the laws of the State of New York with its principal place of business in the State of Ohio.

2. Defendant, Midland Chin Baptist Church, Inc. d/b/a Chin MidlanBaptist Church (hereinafter "Chin Baptist Church"), is a Texas Corporation with its principal place of business in Midland County, Texas.  Defendant, Midland Chin Baptist Church, Inc. d/b/a Chin Baptist Church, may be served with citation and process by serving its registered agent, Solomon Chan Kham, 1902 North Midland Dr., #2104, Midland, Texas  79707, or wherever he may be found.

3. This Court has original jurisdiction over this civil action under the provisions of 28 U.S.C. § 1332.  Plaintiff, by nature of its citizenship and principal place of business, is a citizen of

the States of New York and Ohio. Defendant, by virtue of its incorporation and principal place of business, is a citizen of the State of Texas. The amount in controversy, exclusive of interest and costs, is in excess of $75,000.00.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(a)(2) because the facts and events which give rise to this controversy occurred in Midland, Midland County, Texas.

5. Great American brings this action under 28 U.S.C. § 2201, et seq., the Federal Declaratory Judgment Act, and Chapter 37 of the Texas Chin Baptist Church. Specifically, Great American seeks a determination from the Court that (1) the hail storm that occurred on or about April 23, 2019 did not result in damage to the roof of the insured property that prevents the roof from continuing to function as a barrier to entrance of the elements to the same extent as it did before the damage occurred; (2) the limitations of coverage for roof surfacing applies to the claim Chin Baptist Church submitted for hail damage to the roof of the insured property; and (3) the policy issued by Great American to Chin Baptist Church, policy number MAC E316926 01 00, does not provide coverage for hail damage the roof of the insured property allegedly sustained during a hail storm that occurred on or about April 23, 2019.

6. Great American has complied with the laws of the State of Texas pertaining to corporations engaged in insurance business therein and has paid all taxes and assessments and license fees, and has filed all reports required by the State of Texas.

## II.   FACTUAL BACKGROUND

7. At all times relevant herein, Chin Baptist Church owned the property located at 2800 West Louisiana, Midland, Texas 79701 (the "Property"). The Property is located in Midland County.

8. Great American issued a commercial property policy, policy number MAC

E316926 01 00 (the "Policy"), to Chin Baptist Church that provided coverage to the Property subject to the Policy's terms, conditions, endorsements, and exclusions. The Policy had effective dates of February 16, 2019 to February 16, 2020.

9. On or about April 23, 2019, hail allegedly fell on the Property. Chin Baptist Church submitted a claim to Great American following the alleged hailstorm and Great American commenced its investigation into the claim. Great American retained an engineer to inspect the Property and the engineer determined that the claimed damage to the roof was cosmetic. Great American determined that the hail that fell did not damage the roof of the insured property in a manner that prevents the roof from continuing to function as a barrier to entrance of the elements to the same extent as it did before the damage occurred and, thus, is excluded cosmetic damage. Great American determined that the Policy's Limitations of Coverage to Roof Surfacing applied to the claimed damage to the Property's metal roofs.

### III.   INSURANCE POLICY

10. A true and correct copy of the Great American insurance policy issued to Chin Baptist Church is attached hereto as **Exhibit A**. The Policy provides in relevant part as follows:

**Select Business Policy Building And Personal Property Coverage Form
SB 86 02 (Ed. 07 02)**

**A.   Coverage**

We will pay for direct physical loss of or damage to Covered Property shown in the Declarations caused by or resulting from any Covered Causes of Loss.

**B.   Covered Causes of Loss**

Covered Causes of Loss means Risks of Direct Physical Loss unless loss is:

1. Excluded in Section **C. Exclusions;** or
2. Limited in Section **D. Limitations;**

\* \* \*

**Select Business Policy Limitations On Coverage For Roof Surfacing**
**SB 82 19 (Ed. 04 14)**

This endorsement modifies insurance provided under the following:

SELECT BUSINESS POLICY BUILDING AND PERSONAL PROPERTY COVERAGE FORM SELECT BUSINESS POLICY CONDITIONS

A.  The following applies with respect to loss or damage caused by or resulting from any **Covered Cause of Loss (including wind and hail if covered)** to buildings or structures identified in the Schedule as being subject to this paragraph **A.:**

   Replacement Cost coverage (if otherwise applicable to such property) does not apply to roof surfacing. Instead, we will determine the value of roof surfacing at actual cash value as of the time of loss or damage.

B.  The following applies with respect to loss or damage caused by or resulting from **wind or hail** to buildings or structures identified in the Schedule as being subject to this paragraph **B.:**

   We will not pay for cosmetic damage to roof surfacing caused by wind and/or hail. For the purpose of this endorsement, cosmetic damage means that the wind and/or hail caused marring, pitting or other superficial damage that altered the appearance of the roof surfacing, but such damage does not prevent the roof from continuing to function as a barrier to entrance of the elements to the same extent it did before the cosmetic damage occurred.

For the purpose of this endorsement, roof surfacing refers to any type of roofing material or system and includes all materials used in securing the roof surface and all materials applied to or under the roof surface including but not limited to felt, moisture barriers, base sheets, mats, insulation or similar items attached to or between the roof decking and roof surface as well as roof flashing.

\* \* \* \*

### IV.    REQUEST FOR DECLARATORY RELIEF

11.   Great American petitions the Court, pursuant to 28 U.S.C. § 2201, et seq., the Federal Declaratory Judgment Act, and Chapter 37 of the Texas Civil Practice and Remedies Code, for the following declarations, that

   a.   the hailstorm that occurred on or about April 23, 2019 did not result in damage to the roof of the insured property that prevents the roof from

continuing to function as a barrier to entrance of the elements to the same extent as it did before the damage occurred; and

b. the Limitations on Coverage for Roof Surfacing applies to the claim Chin Baptist Church submitted for hail damage to the roof of the insured property; and

c. the policy issued by Great American to Chin Baptist Church, policy number MAC E316926 01 00, does not provide coverage for hail damage the roof of the insured property allegedly sustained during a hailstorm that occurred on or about April 23, 2019.

## V.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Great American Insurance Company of New York, respectfully prays that the Court

a. Render the declarations requested herein; and

b. Grant it any and all other relief to which it may show itself justly entitled.

Respectfully submitted,

GAUNTT KOEN BINNEY & KIDD LLP

By: _____
**J. Chad Gauntt**
State Bar No. 07765990
chad.gauntt@gkbklaw.com
Attorney in Charge
25700 I-45 North, Suite 130
Spring, Texas 77386
Telephone:   281-367-6555
Facsimile:   281-367-3705
**COUNSEL FOR PLAINTIFF, GREAT AMERICAN INSURANCE COMPANY OF NEW YORK**